IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

JUL 22 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MICHAEL J. BELLAMY,

    Petitioner,

v.                                   CRIMINAL ACTION NO. 2:03-cr-197

UNITED STATES OF AMERICA,

    Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Michael J. Bellamy's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). ECF No. 334. Having reviewed the motion and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For the reasons set forth below, Petitioner's § 2255 Motion is **DISMISSED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 18, 2003, Petitioner and six of his co-defendants were named in a 61 count indictment accusing them of 29 robberies between December 2, 2002 and September 30, 2003. ECF No. 1; *see also* ECF No. 317 at ¶¶ 9–17 (summarizing Petitioner's offense conduct). Petitioner was charged with a total of 22 counts for his role in 10 of the robberies. ECF No. 1. On March 16, 2004, Petitioner pleaded guilty to Count 18, Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951 ("Hobbs Act Robbery"); Count 19, Using, Carrying, and Possessing Firearms During and in Relation to, and in Furtherance of, a Crime of

Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); Count 24, Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951; and Count 25, Using, Carrying, and Possessing Firearms During and in Relation to, and in Furtherance of, a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i). On June 8, 2004, this Court sentenced Petitioner to a total term of 430 months, consisting of 46 months on Counts 18 and 24 to be served concurrently, 84 months on Count 19 to be served consecutively, and a term of 300 months on Count 25 to be served consecutively. ECF No. 101. On July 22, 2020, Petitioner's request for a sentence reduction was granted, in accordance with 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 337.

Before the Court's grant of a sentence reduction, Petitioner filed his § 2255 Motion. ECF No. 334. Because it plainly appears from Petitioner's filing that he is not entitled to relief, the Court will dispose of the § 2255 Motion without further investigation.

## II. LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *Pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, if it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. 28 U.S.C. § 2255(b); *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

## III. DISCUSSION

Petitioner attempts to raise several grounds for relief in his § 2255 Motion. However, his claims can be condensed into two main contentions: (1) his convictions for Hobbs Act Robbery under Counts 18 and 24 do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3) after the United States Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019); (2) his "stacked" 300 month sentence pursuant to 18 U.S.C. § 924(c)(1)(C) on Count 25 for multiple violations of § 924(c)(1)(A) was improperly applied.

Petitioner's convictions on Counts 18 and 24 are still properly labeled as crimes of violence after *Davis*. In *Davis*, the Supreme Court held the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. However, Petitioner conviction and sentence on Counts 18 and 24 is still valid after *Davis*, as "Hobbs Act robbery constitutes a crime of violence under the force clause" of 18 U.S.C. § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Therefore, Petitioner's contentions relating to his convictions on Counts 18 and 24 are without merit.

At the time he was originally sentenced, Petitioner was also properly convicted and sentenced to a "stacked" 300 month term on Count 25 for multiple violations of § 924(c)(1)(A) in the same indictment. *See Deal v. United States*, 508 U.S. 129 (1993). However, Congress subsequently amended § 924(c)(1)(C), requiring a final conviction under § 924(c)(1)(A) before a 300 month term of imprisonment may be imposed. *See* FIRST STEP Act, § 403, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Though Congress did not retroactively apply its removal of the "stacking" provision, the sentencing disparities created by its removal assisted in forming the bases for the Court's grant of Petitioner's request for a sentence reduction. *See* ECF No. 337 at 10–13 (granting a sentence reduction based on "Petitioner's relative youth at the time of the

sentence, the overall length of the sentence, the disparity between his sentence and those sentenced for similar crimes after the FIRST STEP Act, and his rehabilitative efforts"). Notwithstanding the Court's grant of compassionate release, Petitioner's collateral attack on his original sentence on Count 25 is still without merit.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2255 Motion is **DISMISSED**. It is clear that Petitioner's § 2255 Motion presents no grounds for relief beyond the previously issued sentence reduction. Accordingly, Petitioner must serve his term of supervised release consistent with the Court's Order from July 22, 2020 and his original criminal judgment. *See* ECF Nos. 101, 337. However, nothing in this Order shall be construed as interfering with the Court's previous grant of compassionate release. ECF No. 337.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United

States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 22, 2020

Raymond A. Jackson
United States District Judge

5